IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 00-20956
Summary Calendar

———————————————

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

    v.

CIRO FLORES-RAMIREZ

                    Defendant - Appellant

————————————————
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-376-ALL
————————————————
July 10, 2001

Before KING, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Ciro Flores-Ramirez appeals the 70-month sentence imposed
following his plea of guilty to a charge of being found in the
United States after deportation, a violation of 8 U.S.C. § 1326.
He argues that the felony conviction that resulted in his
increased sentence under 8 U.S.C. § 1326(b)(2) was an element of
the offense and not a sentencing enhancement, that the "timing"
of this felony conviction was not alleged in his indictment, and
that the indictment is deficient because it does not allege any
general intent.

———————————————————————

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Flores acknowledges that his first argument is foreclosed by the Supreme Court's decision in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>.  <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 1214 (2001).  This argument is foreclosed.

Flores' argument that the indictment must allege that the prior felony conviction occurred prior to his last deportation is also without merit.  Flores has not explained why an indictment that need not allege the defendant's prior conviction at all under <u>Almendarez-Torres</u> is deficient for omitting the details of that prior conviction.

Finally, Flores contends that the indictment failed to charge an offense because it did not allege general intent.  This argument is foreclosed by our decision in <u>United States v. Berrios-Centeno</u>, 250 F.3d 294 (5th Cir. 2001).

The judgment of the district court is AFFIRMED.